# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRENDA L. WELCH, )
)
          **Plaintiff,** )
v. ) Case No. CIV-08-242-SPS
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
          **Defendant.** )

## OPINION AND ORDER

The claimant Brenda L. Welch requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled and that she could perform her past relevant work. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish thast she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on October 30, 1957, and was forty-nine years old at the time of the administrative hearing. She has a tenth grade education and previously worked as a housekeeper, assembly line worker, cashier, and nurse's aide. The claimant alleges she has been unable to work since August 25, 2000, because of problems with her back, heart, hands, and wrists, headaches, high blood pressure, a sprained left ankle, depression, and anxiety.

### Procedural History

On September 27, 2001, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The application was denied. ALJ Gene M. Kelly conducted a hearing and determined that the claimant was not disabled in a decision dated May 15, 2003. This Court reversed the Commissioner's decision and remanded the case for further review on January 26, 2006. *See Welch v. Barnhart,* Case No. CIV-04-296-FHS-SPS (E.D. Okla. Jan. 26, 2006) [Docket No. 12]. Following remand, the ALJ held a supplemental hearing and again determined that the claimant was not disabled in a decision dated May 7, 2007. The Appeals Council denied

review, so the ALJ's second decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") for a range of light work, *i.e.* the claimant could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours in an 8 hour day; sit up to 6 hours in an 8 hour day; occasionally stoop, bend, squat, kneel, crouch, crawl, push/pull, and reach overhead; would be limited in her ability to climb and slightly limited in feeling, fingering, and grasping; would require low light and low noise and would need to avoid wet environments; and would find it necessary to change position from time to time to relieve her symptomatology (Tr. 353). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a cashier and as a line worker (Tr. 358). The ALJ alternatively concluded that the claimant would not be disabled at step five because she could perform other work existing in significant numbers in the national economy given her age, education, work experience, and RFC, *i. e.* office cleaner, mail clerk, order clerk, and assembly (Tr. 360-361).

### Review

The claimant contends that the ALJ erred: (1) by failing to give the proper weight to the medical opinion of Dr. William J. Pettit, D.O.; and (2) by improperly concluding that the claimant was able to perform her past relevant work or significant gainful

activity.  The Court finds the ALJ failed to properly consider the weight due Dr. Pettit's opinion, and the decision of the Commissioner must therefore be reversed.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record."  *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003).  When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 404.1527.  *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [404.1527]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added].  The applicable factors are:  (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion.  *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted].  And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific,

legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

In this case, the ALJ dismissed the opinion of the claimant's treating physician Dr. Pettit with the following discussion:

> As for the opinion evidence, the undersigned considered Dr. Pettit's assessment of March 12, 2003, in which he stated that the claimant would probably require sedentary type work if appropriate accommodations could be made. The opinions of treating physicians are given controlling weight in determining disability when they are well supported by medically acceptable clinical and diagnostic evidence (20 C.F.R. 404.1527(d)(2)). Treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significant [sic] (SSR 96-5p). As previously noted, Dr. Pettit saw the claimant only one time, on February 20, 2003. Although Dr. Pettit indicated that the claimant would probably be limited to sedentary type work, he said further refinement of her limitations would require additional testing. OSU records dated September 26, 2002, noted that the claimant was neurologically intact with no focal deficits and increased activity was recommended. Controlling weight cannot be given to Dr. Pettit's opinion because it is not well supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the record (see SSR 96-2p).

(Tr. 357-358) [citations to record omitted]. The ALJ found more convincing the check-form RFC assessment by a state agency physician, who opined without examining the claimant that she could perform light work activity (Tr. 255-262).[2] The ALJ did not, however, provide any explanation for preferring this opinion.

---

[2] The ALJ actually referred to the opinions of two state agency physicians ("Two medical experts with the State Agency also determined that the claimant could perform light work activity[,]") as supporting his determination (Tr. 358), although the medical record reflects there was only one RFC assessment (Tr. 255-262).

The Court finds that the ALJ failed to properly consider the weight due Dr. Pettit's opinion. Although the ALJ properly withheld controlling weight, *e. g.*, because the opinion was on an issue reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(e), 416.927(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."), he was nevertheless required to evaluate the opinion of a treating physician such as Dr. Pettit (or *any* physician) by applying *all* of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. *See also Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."), *quoting* Soc. Sec. Rul. 96-5p. This was particularly important to do here because the ALJ did not explain why he preferred the state agency medical consultant's check-the-box RFC assessment to Dr. Pettit's opinion, *see, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining,

consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."); *see also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987), or even specify the weight he was assigning to the preferred opinion. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.").

Because the ALJ failed to properly evaluate the medical opinions in the case, the decision of the Commissioner must be reversed and the case is remanded to the ALJ for further analysis. If the ALJ decides to modify the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 22nd day of September, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**